UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

**ROBERT M. CRUTCHER, III**,　　　　　　　　Case No. 6:14-cv-00308-KI

　　　　　Plaintiff,　　　　　　　　　　　　　OPINION

　　v.

**COMMISSIONER**, **Social Security Administration**,

　　　　　Defendant.


　　　Kathryn Tassinari
　　　Brent Wells
　　　Harder, Wells, Baron & Manning, P.C.
　　　474 Willamette St.
　　　Eugene, OR 97401

　　　　　Attorneys for Plaintiff

　　　Billy J. Williams
　　　Acting United States Attorney
　　　District of Oregon

Page 1 - OPINION

Ronald K. Silver
Assistant United States Attorney
1000 SW Third Ave., Ste. 600
Portland, OR 97201-1044

Sarah L. Martin
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Ave., Ste. 2900 M/S 221A
Seattle, WA 98104-7075

  Attorneys for Defendant

KING, Judge:

  Plaintiff Robert M. Crutcher brought an action pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner denying plaintiff's application for supplemental security income benefits ("SSI"). I reversed the decision of the Commissioner and remanded for a finding of disability.

  Pending before me is plaintiff's counsel's Motion for Fees Under the Equal Access to Justice Act ("EAJA") [24]. For the following reasons, I grant the motion and award Crutcher $4,304.86 in attorney fees.

## LEGAL STANDARDS

  The EAJA provides that the court shall award attorney fees and expenses to a prevailing party in any civil action brought by or against the United States unless the court finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The test for determining whether the government was substantially justified is whether its position had a reasonable basis both in law and fact. Pierce v. Underwood, 487 U.S. 552, 565 (1988); Flores v. Shalala, 49 F.3d 562, 569-70 (9th Cir. 1995).

The burden is on the government to prove substantial justification. Flores, 49 F.3d at 569. In evaluating the government's position, the court must look at both the underlying government conduct and the positions taken by the government during the litigation. Barry v. Bowen, 825 F.2d 1324, 1330-31 (9th Cir. 1987), disapproved on other grounds, In re Slimick, 928 F.2d 304 (9th Cir. 1990). If the underlying agency action was not substantially justified, the court need not consider whether the government's litigation position was substantially justified. Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir. 1988).

A finding that the agency decision was not supported by substantial evidence is a "strong indication" that the government's position was not substantially justified. Thangaraja v. Gonzales, 428 F.3d 870, 874 (9th Cir. 2005). "Indeed, it will be only a 'decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record." Id. (quoting Al-Harbi v. INS, 284 F.3d 1080, 1085 (9th Cir. 2002)).

## DISCUSSION

In the Opinion and Order dated March 31, 2015, I reversed the ALJ's decision and remanded for a finding of disability. I accepted the Commissioner's argument that the ALJ did not err in rejecting the opinions of Crutcher's mental health providers, none of whom were acceptable medical sources. However, I concluded the ALJ erred in failing to credit the opinion of Crutcher's treating physician, Dr. Bigley, who opined Crutcher could not be gainfully employed. I based my decision in part on the fact that no physician identified alcohol as the source of Crutcher's problem. More importantly, I noted Dr. Bigley's observations were consistent with and supported by substantial evidence in the record. I also found fault with the

ALJ's treatment of Crutcher's mother's testimony regarding Crutcher's difficulty interacting with other people.

The government's position was not frivolous. However, this is not the "decidedly unusual" case in which I could conclude the government's position was substantially justified despite the fact that I reversed the ALJ's decision as unsupported by substantial evidence in the record. My decision was not based on a mere alternative interpretation of the medical record; instead, Dr. Bigley's observations, corroborated by Crutcher's mother and the larger medical record, reflected an inability to work due to psychological problems.

I am not persuaded by the Commissioner's reiteration of its litigation position. See Or. Natural Res. Council v. Madigan, 980 F.2d 1330, 1332 (9th Cir. 1992) (rejecting government's arguments because analysis on the merits contradicted the government's position and it offered nothing new); Cascadia Wildlands v. Bureau of Land Mgmt., 987 F. Supp. 2d 1085, 1091 (D. Or. 2013) (finding unpersuasive an opposition to fee request "premised on the same arguments" which was an "attempt to reargue the merits of the case"). The government has not established that its position had a reasonable basis both in law and fact.

Under the EAJA, the "court's award of attorney fees must be reasonable." Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001); 28 U.S.C. § 2412(d)(2)(A). I have reviewed the request and find it to be reasonable.

///


///

Page 4 - OPINION

## CONCLUSION

Based on the foregoing reasons, Crutcher's Motion for Fees Under the Equal Access to Justice Act [24] is granted. Crutcher is entitled to attorney fees in the amount of $4,304.86 as reflected in the accompanying order.

IT IS SO ORDERED.

DATED this  3rd  day of August, 2015.


                                            /s/ Garr M. King
                                            Garr M. King
                                            United States District Judge